United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR RENAZCO,<br><br>        Plaintiff,<br><br>    v.<br><br>UNISYS TECHNICAL SERVICES, L.L.C.,<br><br>        Defendant.<br>_____/ | No. C-14-4204 EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND**<br><br>**(Docket No. 6)** |

## I. INTRODUCTION

This putative class action was filed in San Francisco County Superior Court. In his Complaint, Plaintiff Edgar Renazco alleges that he was employed as a non-exempt Field Service Technician by Defendant Unisys Technical Services, L.L.C., ("Unisys"), an information technology company. Complaint ¶¶ 2-3. Plaintiff sued Unisys, alleging violations of various wage and hour provisions of the California Labor Code and corresponding violations of California's unfair competition law (Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL")). On behalf of a putative class of Defendants' current and former non-exempt hourly employees, Plaintiff seeks back wages with interest, equitable relief, statutory damages, and attorney's fees. Defendants removed the case to federal court on September 17, 2014.

Pending before the Court is Plaintiff's motion to remand this matter to state court. The parties do not dispute diversity of citizenship. Instead, Plaintiff argues that Defendant has not made a sufficient showing that there is more than $75,000 in controversy. For the reasons discussed on the record at the hearing, and as supplemented herein, the Court **GRANTS** Plaintiff's motion to

remand.

## II.  FACTUAL & PROCEDURAL BACKGROUND

Mr. Renazco worked as a "next business day" service technician in San Francisco. Mockus Decl. ¶ 4. Mr. Renazco made customer calls to service Dell computers. *Id.* ¶¶ 7-8. To that end, Mr. Renazco would receive a daily route from Unisys and would drive to a FedEx store to pick up computer parts that were necessary to perform his work for the day. Complaint ¶ 13. He alleges that he was not compensated for the time spent checking his daily route, time spent driving to the FedEx store, and time waiting for the parts. *Id.* Instead, he alleges that he was not allowed to clock in until after he had received his parts. *Id.* ¶¶ 13-14. Additionally, due to his work schedule, Mr. Renazco alleges that he was "often" not able to take meal and rest breaks, "was not fully relieved of duty for meal periods," and was not reimbursed for skipped breaks. *Id.* Mr. Renazco alleges that he was required to perform work in excess of eight hours in a workday and forty hours in a workweek, for which he was not properly compensated. *Id.* ¶ 20. On the occasions that Mr. Renazco worked ten hours of work, Mr. Renazco alleges that he did not receive a second off-duty meal period. *Id.* ¶ 17. Mr. Renazco contends that, in addition to this conduct, Unisys did not provide accurate itemized wage statements. *Id.* ¶ 18.

Plaintiff alleges that such conduct showed that Unisys had policies and procedures that violated wage and hour provisions of the California Labor Code, and therefore engaged in unlawful, unfair, and deceptive practices under the UCL. Plaintiff has brought the following four causes of action (1) unfair competition under the UCL, (2) failure to pay minimum and overtime wages in violation of California Labor Code Sections 510 and 1194, *et seq.*, (3) failure to provide accurate wage statements in violation of California Labor Code § 226, *et seq.*, and (4) failure to provide wages when due in violation of California Labor Code §§ 201, 202, and 203. Plaintiff demands damages, but does not specify in the Complaint the amount of damages at issue.

Unisys, relying in part on facts set forth in a declaration from Olivia Mockus, Plaintiff's former supervisor at Unisys, argues that the Complaint has put $80,594.40 in controversy. Plaintiff responds that this calculation lacks support from the allegations or other evidence, that Unisys has not satisfied the amount in controversy requirement, and that remand is proper.

2

## III. DISCUSSION

A.   Legal Standard

A civil action over which a federal district court has original jurisdiction, but that is brought in state court, may be removed by a defendant to federal district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over matters in which the parties are citizens of different states and the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Plaintiff may seek to remand if it appears the district court lacks jurisdiction. *See* 28 U.S.C. § 1447(c).

In general, the burden of proving the propriety of removal rests with the moving party, and "[d]oubts as to removability are resolved in favor of remanding the case to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The Ninth Circuit has determined specifically that "the 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)). In many cases, a removing defendant can clearly satisfy this burden, because the plaintiff specifically prayed for a sum greater than the jurisdictional requirement. *Id*. On the other hand, in cases where "it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id*. (citation omitted). In such cases, *i.e.,* where it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," a "preponderance of the evidence" standard applies to satisfying the jurisdictional amount. *Guglielmino v. McKee Foods, Inc.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). With respect to the amount in controversy, the removing defendant should establish "an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.,* 627 F.3d 395, 400 (9th Cir. 2010).

To determine whether the removing party has met its burden, a court may consider the contents of the removal petition and "summary-judgment-type evidence" relevant to the amount in controversy at the time of removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir.2004).

Where a removal notice lacks sufficient evidence, a court may also treat the removal notice as amended by later-filed affidavits in opposition to a motion to remand. *Cohn v. Petsmart, Inc*., 281 F.3d 837, 840 n.1 (9th Cir. 2002). In a class action where the alleged basis for jurisdiction does not arise from the Class Action Fairness Act, and each claim could be brought as a separate action, the amount in controversy is to be calculated based upon the damages suffered by an individual class member, and not on an aggregate basis. *See Gibson v. Chrysler Corp*., 261 F.3d 927, 943-44 (9th Cir. 2001); *see also Moore v. Genesco,* No. C 06-3897, 2006 WL 2691390, at *4 (N.D. Cal. Sept. 20, 2006) (applying the rule articulated in *Gibson* to a wage and hour class action suit).

B.      <u>Amount in Controversy</u>

Defendant argues that six categories of damages support its calculation of $80,594.40 in controversy: (1) overtime ($27,300); (2) meal and rest breaks ($35,193.60); (3) Labor Code § 558 civil penalties ($8,050); (4) wage statement claims ($1,750); (5) waiting time penalty ($2,800.80); and (6) attorney's fees ($5,500).

1.      <u>Labor Code § 558 Civil Penalties</u>

To begin, Defendant has not met its burden as to the amount in controversy, because the Complaint does not seek Section 558 penalties. Defendant nonetheless argues that Plaintiff's Complaint puts in issue $8,050 in penalties under Labor Code Section 558. Even if all of Defendant's other calculations were correct and adopted, if Defendant is wrong on this point, $8,050 in Section 558 penalties would be subtracted, leaving only $72,544.40 in controversy.

Here, Defendant is wrong. Section 558 of the California Labor Code provides civil penalties ($50 for an initial violation, and $100 for each subsequent violation) against employers who violate any provision of the labor code regulating hours and days of work. Cal. Lab. Code § 558(a). There is no mention of Section 558 anywhere in the operative Complaint, and it is not part of the prayer for relief. Moreover, courts have found that Section 558 does not create a private right of action. *See Ruiz v. Paladin Group, Inc*., No. CV 03-6018, 2003 WL 22992077 (C.D. Cal. Sept 29, 2003); *Chand v. Burlington Coat Factory of California, LLC*, No. CV F 13–2008, 2014 WL 726837 (E.D. Cal. Feb. 24, 2014). The statute is limited to authorizing the Labor Commissioner to impose penalties for violations of the labor code. *Ruiz*, 2003 WL 22992077, at *2.

1    There is an argument that a claim brought under the Private Attorney General Act ("PAGA") would allow a private plaintiff, like Mr. Renazco, to pursue damages under § 558. In the operative Complaint, however, Plaintiff has not asserted any PAGA claim. Furthermore, before an aggrieved employee may commence a civil action under PAGA, he must first "give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated." Cal. Lab. Code § 2699.3(a)(1). Then, only *after* the LWDA either does not timely respond or notifies the aggrieved employee that it will not investigate the action, may a Plaintiff proceed with a claim under PAGA. *See id.*, subd.(a)(2)(A). In this case, Plaintiff sent a PAGA notice letter. *See* Docket No. 1-1. Plaintiff sent the letter in August of 2014, *i.e.,* after the operative Complaint was filed. Even assuming that the letter showed a desire to bring a PAGA claim in the future, a PAGA claim was not part of the operative Complaint at the time of removal, and it is unclear whether the LWDA would permit the PAGA claim to proceed. The Court finds that penalties under § 558, including the $8,050 calculated by Defendant, have not been established as in controversy. The jurisdictional minimum has not been met.

 2.   <u>Meal and Rest Breaks</u>

In addition to the problem with the Section 558 penalty calculation, Defendant's other calculations lack adequate foundation, particularly Defendant's calculations with respect to meal and rest breaks. The California Labor Code requires an employer to provide an employee with a thirty-minute meal break after working no more than five hours, and another thirty-minute meal break after working no more than ten hours. Cal. Lab. Code § 512(a).

Defendant relies on several assumptions to arrive at the amount in controversy for meal and rest break violations. Plaintiff worked a five-day work week. From this, Unisys assumes that Mr. Renazco missed a "first meal" four out of five days a week, missed a "second meal" two out of five days a week, and missed between 5-10 rest breaks a week. These calculations lead to an amount above the statutory maximum; Defendant therefore contends that the statutory maximum, $24,273.60 in meal and rest break damages, is at issue. Defendant additionally assumes that Plaintiff worked during each of these unpaid meal periods, resulting in unpaid overtime compensation of $10,920.

5

Courts have disagreed over how much to credit a removing defendant's assumptions as to variables affecting the amount in controversy, such as the frequency or rate of alleged violations. *See Andersen v. The Schwan Food Co.,* No. C 13-2362, 2013 WL 3989562, at *3 (N.D. Cal. Aug. 2, 2013). On one hand, some courts, reasoning that the plaintiff is "master of her claims," have allowed a defendant to assume a 100% violation rate in instances where the plaintiff failed to allege with specificity the violation rate in the complaint. *Coleman v. Estes Express Lines, Inc.* 730 F.Supp.2d 1141, 1150 (C.D. Cal. 2010). On the other hand, multiple courts in the Northern District have endorsed the approach outlined in *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107 (C.D. Cal 2010). These courts have evaluated the defendant's calculations, and the assumptions on which they are based, to determine whether the calculations are reasonable or unduly speculative in light of the allegations in the complaint. *Andersen,* 2013 WL 3989562 *3 (citing *Altamirano v. Shaw Indus., Inc*., No. C–13–0939 EMC, 2013 WL 2950600 (N.D. Cal June 14, 2013)). This approach addresses the concern that a defendant might "improperly shift the burden to plaintiff to refute speculative assertions of jurisdiction." *Roth,* 799 F. Supp. 2d 1107 at 1129. The Court adopts the latter approach and will "evaluate the reasonableness of any assumed violation rate based on the evidence submitted and the allegations contained in the complaint." *Altamirano,* 2013 WL 2950600, at *7.

In this case, Plaintiff alleged he "often" missed meal and rest breaks (Complaint ¶ 20), but the Complaint does not allege any facts supporting the frequencies suggested by Defendant. Defendant's declarant, Ms. Mockus, despite professing "personal knowledge of the shifts that Mr. Renazco worked under my management and supervision" and attesting to a review of Mr. Renazco's time and pay records, has offered no support in her declaration for the frequency of violations alleged by Defendant in its opposition. Mockus Decl. ¶ 5. Further, part of Defendant's calculation stems from an assumption that Plaintiff was routinely subject to customer and/or traffic delays. Opp. at 8. Nowhere is this assumption substantiated. Moreover, the Mockus Declaration attests that Mr. Renazco's schedule had 30 minutes built in for lunch and he was scheduled to work eight hours a day. Mockus Decl. ¶ 12. In other words, according to the facts that Defendant has proffered, in the normal course Mr. Renazco was not entitled to a second meal, and he had his first meal built into his schedule.

The Court finds that Defendant's estimated frequency of the meal and rest break violations are unduly speculative in light of the allegations in the complaint. The conclusions as to the frequency of the missed meal and rest breaks cannot be inferred from the facts alleged in the complaint, and Defendant's additional evidence contradicts the claimed frequency. *Cf. Altamirano,* 2013 WL 2950600, at *11 ("Given Plaintiff's allegations about the pervasiveness of the policies that are the subject of the first three causes of actions, it is reasonable to assume that each putative class member suffered at least one violation during any given pay period, resulting in an inaccurate wage statement."). The related calculation as to overtime for time worked during break periods, suffers from the same defect. Thus, the Court concludes that Defendant has not shown by a preponderance of the evidence that $35,193.60 is in controversy as to Plaintiff's meal and rest break allegations.

3. Plaintiff's Attorney's Fees

"Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998). The California Labor Code provides for the award of reasonable attorney's fees in any action brought for the nonpayment of wages, inaccurate wage statements, and for unpaid minimum wage and overtime compensation. Cal. Lab. Code §§ 218.5(a), 226(e)(1), 1194(a). The Ninth Circuit has found that allowing a party to aggregate each plaintiff's attorney's fees in a class action would conflict with the Supreme Court's intention that each plaintiff's claims must meet the statutory minimum for the amount in controversy, and thus such fees must be calculated per class member. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982). In this case, only those fees attributable to Mr. Renazco's claims are to be considered.

There is a split in authority regarding when to measure the attorney's fees for purposes of determining the amount in controversy. Some courts include only the fees incurred as of the date of the complaint, some include the fees as of the date of removal, and others include a reasonable estimate of fees likely to be recovered through resolution of the matter. *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002). Here, even if this Court were to use a

1  reasonable estimate of fees likely to be recovered through resolution, there is not a sufficient basis
2  for attributing a large fee for purposes of determining the propriety of removal.

3      In this case, Defendant has only provided an estimate of fees incurred through removal.
4  Defendant refers to the declaration of Plaintiff's attorney Aparajit Bhowmik, who states that his
5  hourly rate is $550. Defendant assumes that, at the time of removal, Mr. Bhowmik had worked on
6  the case for ten hours, resulting in fees of $5,500. Defendant offers no evidence regarding the
7  possible number of plaintiffs in the purported class, nor does the Defendant offer any estimate of
8  what attorney's fees might ultimately be recovered through resolution which would be fairly
9  attributable to Mr. Renazco's claims. There is no sufficient basis for estimating fees through
10 resolution. For instance, without knowing the size of the class, the Court cannot determine what fee
11 award would be available per class member. Defendant therefore has not met its burden with
12 respect to showing attorney's fees in the amount of $5,500 or more.

    4.    <u>Overtime</u>

14     Under the California Labor Code, a workday is one which lasts eight hours. Time in a given
15 day worked over eight hours, but less than twelve hours, must be compensated by payment
16 equivalent to one and one-half times the regular rate. Cal. Lab. Code § 510(a). Additionally, "any
17 employee receiving less than . . . the legal overtime compensation applicable to the employee is
18 entitled to recover in a civil action the unpaid balance of the full amount of this . . . overtime
19 compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Cal. Lab.
20 Code § 1194(a).

21     Defendant identifies three sources of potential overtime damages: (1) time spent conducting
22 pre-shift duties; (2) time spent commuting from Plaintiff's home to the FedEx branch where Plaintiff
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

8

retrieved necessary equipment for each shift;[1] and (3) time spent waiting while at the FedEx location before Plaintiff was allowed to clock in. Complaint ¶¶ 12-13.

Defendant alleges that each of these three unpaid tasks would reasonably take an average of thirty (30) minutes. Mr. Renazco worked five days per week, thus, for each of these three alleged sources of overtime, he incurred 2.5 hours of unpaid time per week. Plaintiff's hourly rate was $11.67, which generates overtime pay of $17.50 per hour. Finally, Defendant multiplies this $17.50 rate by 2.5 hours per week, resulting in $43.75 of overtime per week. Defendant multiples $43.75 by 208 weeks for the four years Mr. Renazco was employed by Unisys to arrive at $9,100 for a single unpaid task. Cumulatively, the three unpaid tasks amount to **$27,300** (3 x $9,100) in controversy. Plaintiff does not dispute this calculation.

At the hearing, Defendant urged the Court to increase the amount of time required for Mr. Renazco to commute from his home to the FedEx store from 30 minutes to 45 minutes. However, Ms. Mockus's declaration, which takes into consideration traffic during rush hour, only estimates that a reasonable travel time would be 30 minutes. Mockus Decl. ¶ 14. There are no facts that support Defendant's counsel's argument in favor of using a 45-minute travel time. The Court therefore accepts the previously-undisputed amount in controversy as reasonable with respect to these three sources of Plaintiff's overtime claims.

5. <u>Wage Statement Claim and Waiting Time Penalties</u>

The Court finds that defendant has met its burden with regard to the statutory damages in the wage statement claim in the amount of **$1,750** and that there is sufficient evidence supporting the undisputed amount in controversy **$2,800** as to the waiting time penalties.

///

///

---

[1] Unisys requests judicial notice of the distance from Mr. Renazco's residence and the FedEx branch that Mr. Renazco commuted to in the morning. Docket No. 18. Geographical distance can be accurately and readily verified and is not reasonably subject to dispute. *See United States v. Perea-Rey,* 680 F.3d 1179, 1182 n.1 (9th Cir. 2012); Fed. R. Evid. 201(b). The Court therefore **GRANTS** Unisys's unopposed request for judicial notice, however, the Court will notice the distance between the two addresses as between nine and 10.5 miles rather than the 9.6 mile distance suggested by Defendant.

6. Conclusion

In light of the defect with the Section 558 penalty calculation, the lack of foundation for the meal and rest break calculation, and the insufficiency of evidence supporting the attorney's fees calculation, Defendant has not met its burden of demonstrating that the jurisdictional minimum has been met. Remand is therefore appropriate.

C. Award of Attorney's Fees Relating to the Motion for Remand

28 U.S.C. § 1447(c) provides, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has stated, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Cor.,* 546 U.S. 132, 140 (2005). Consideration of awarding fees should balance competing interests: "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* In general, removal will not be deemed "objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.,* 518 F.3d 1062, 1065 (9th Cir. 2008).

Plaintiff argues that an award of attorney's fees is appropriate because Defendant's removal lacked evidentiary support. Defendant counters that it has provided sufficient evidence to support removal, and that, in any event, the Court should exercise its discretion in denying attorney's fees.

While the Court finds that the Defendant has not met its burden to show an amount in controversy over $75,000, it does not find that Defendant lacked an objectively reasonable basis for seeking removal merely because certain of its calculations lacked merit. The Court **DENIES** Plaintiff's request for attorney's fees relating to its motion to remand.

## V. CONCLUSION

For the foregoing reasons the Court concludes that the Defendant has not met its burden of establishing by a preponderance of the evidence that the amount in controversy in this case exceeds

$75,000. Plaintiff's motion to remand this matter to state court is therefore **GRANTED.** Plaintiff's request for attorney's fees incurred in connection with its motion to remand is **DENIED.**

The Clerk shall remand this case to San Francisco Superior Court and shall close the case file.

This order disposes of Docket No. 6.

IT IS SO ORDERED.

Dated: December 5, 2014

_____
EDWARD M. CHEN
United States District Judge

11